ACCEPTED
12-13-00041-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/18/2015 11:17:48 AM
CATHY LUSK
CLERK

## CAUSE NOs. 12-13-00041-CR, 12-13-00042-CR

| | | |
|---|---|---|
| DAVINA WILSON MOORE | § | IN THE COURT OF APPEALS |
| | § | 12th COURT OF APPEALS |
| V. | § | TYLER, TEXAS |
| | § | 12ᵗʰ JUDICIAL DISTRICT |
| | § | CATHY S. LUSK |
| THE STATE OF TEXAS | § | TYLER, TEXAS     Clerk |

## STATE'S RESPONSE TO APPELLANT'S MOTION TO STAY ISSUANCE OF MANDATE

**To the Honorable Justices of Said Court:**

Comes now the STATE OF TEXAS, and presents its Response to Appellant's Motion to Stay Issuance of Mandate in the above causes, and in support of this motion, would show the Honorable Court the following:

**I.**

Appellant, Davina Wilson Moore, was indicted in Cause Nos. 007-1663-11 and 007-1663-11, filed on December 15, 2011, in the 7ᵗʰ District Court of Smith County, Texas, with the offenses of Possession of a Controlled Substance in a Drug Free Zone and Possession of Marijuana in a Drug Free Zone, respectively. The cases were jointly tried to a jury in December of 2012. Appellant was found guilty by a jury of the offenses alleged in the indictments.

After hearing evidence and argument from the parties, the same jury assessed sentences to Appellant of two years confinement in the Texas Department of Corrections - Institutional Division and no fine for Cause No. 007-1663-11, and five

years confinement probated for five years and a fine of $5000 for Cause No. 007-1664-11.

After careful considerations of the five points of error raised by Appellant in her brief, this Court affirmed the judgments and sentences in each case on May 30, 2014. *Moore v. State*, Nos. 12-13-00041-CR, 12-13-00042-CR, (Tex.App - Tyler May 30, 2014, *pet. ref'd*) (not designated for publication). Appellant's motions for rehearing of this decision were denied by the Court on July 3, 2014.

Appellant then sought to overturn the judgment of this Court via a petition for discretionary review in the Court of Criminal Appeals. Her petitions were subsequently refused by that Court on November 6, 2014. The same Court thereafter refused Appellant's motions for rehearing on February 11, 2015.

## II.

By law the Clerk of this Court now has the duty to issue a mandate finalizing the convictions and sentences in these cause numbers. TEX. R. APP. PROC. Rule 18.1 (a) (Vernon 2015). However, Appellant has filed a motion to stay the issuance of these mandates while she contemplates filing for a writ of certiorari in the U.S. Supreme Court. As of the date of this response, the Supreme Court website indicates that Appellant has not yet filed any petition in that Court.[1]

---

[1] http://www.supremecourt.gov/default.aspx

Under Rule 18.2 of the Rules of Appellate Procedure Appellant "may" move this Court to stay issuance of the mandates. TEX. R. APP. PROC. Rule 18.2 (Vernon 2015). The same rule requires that Appellant "state the grounds" for the petition in the U.S. Supreme Court. *Id.* Appellant alleges that "the substance" of the petition will be "the same" as the substance of the issues she raised in her unsuccessful attempt to have the Court of Criminal Appeals grant discretionary review. (Motion to Stay Issuance of Mandate at 3). These "issues" are the exact same grounds under which Appellant argued without any success in this Court and in the Court of Criminal Appeals.

As such, Appellant seeks a stay on the mandates here because she *might* file for relief in the U.S. Supreme Court raising the exact grounds that have been twice rejected not only by this Court, but by the Court of Criminal Appeals as well. To justify her request, Appellant essentially argues that this is a 4th Amendment case and that the Supreme Court has issued three opinions within the last two years which addressed 4th Amendment issues in regards to "public highways" and cellphones. (Motion to Stay Issuance of Mandate at 4). Of course, neither of these are areas of concern under the 4th Amendment as applicable to Appellant's cases.

Additionally, this Court, and likely the Court of Criminal Appeals, decided after applying the current and relevant principles of 4th Amendment jurisprudence

that there was no merit to the arguments Appellant raised in this appeal. Appellant does not even attempt argue that this Court incorrectly applied the relevant law in her motion for stay.

## III.

Appellant further urges (without any proof) under Rule 18.2 that she will suffer "harm" if this Court refuses to stay the mandates because she is "presently engaged in administrative proceedings regarding her license as a nurse." (Motion to Stay Issuance of Mandate at 5). The State would suggest that this is completely irrelevant to the matters at hand.

Moreover, regardless of the outcome of any review by the U.S. Supreme Court, Appellant testified under oath at her trial that she had accidentally and mistakenly removed the scores of drug vials found in her house from the hospital where she worked and then just never got around to taking them back. (RR 8: 192-94, 241, 268, 274-75). She further testified that she was trained not to take drugs home and that she had known it was an "unacceptable practice" for a nurse to do so. (RR 8: 227-29, 271). An order to stay the mandates in this case will not change this sworn testimony - nor would it prevent any administrative body from reviewing Appellant's public trial testimony in deciding what course of action to take with her nurse's license. In short, this is no reason at all to stay the mandates.

Appellant also argues that she will be harmed because her husband, "the marijuana merchant" was given probation for his role in possessing the large quantity of marijuana found in their home and he will thus have access to his children. (Motion to Stay Issuance of Mandate at 5). However, there is no evidence in the record of this case regarding the current placement of Appellant's children. The Court is no doubt aware that it was the concern of the Children's Protective Services (CPS) that Appellant's children were being exposed to marijuana in her home that initiated these cases. (RR 3: 8-9, 54-60). And, under the record, it is highly unlikely that Appellant was completely unaware that her husband was a "marijuana merchant" where police found a large amount of that substance in Appellant's master bathroom and could easily smell the raw marijuana being kept in her house. In any event, the State would suggest that it is also highly unlikely that CPS has granted Appellant's husband unfettered access to their children at this point - even if that were a legitimate matter for this Court to consider in deciding whether to stay the mandates under Rule 18.2. Appellant, on appeal bond, likely has the same level of access.

This same argument also ignores that Appellant was likewise given a probated sentence in her possession of marijuana case. It ignores further that Appellant's husband was *not* convicted of possessing the controlled substances that she admitted under oath that she had illegally brought to her home. (RR 8: 227-29, 271).

## IV.

Under Rule 18.1 of the Rules of Appellate Procedure, the Clerk of this Court "must" issue the mandates in these cases once the relevant periods of time have expired. TEX. R. APP. PROC. Rule 18.1 (Vernon 2015). Those time periods have expired and Appellant has not shown that the mandates cannot legally issue in these cases pursuant to Rule 18.1 because such would not be timely.

It has been approximately four years since Appellant was arrested for possessing the illegal substances found in her home. It has been over two years since she was convicted of possessing the same. Appellant has taken full advantage of the State appellate process without any success. She now seeks even more delay in the execution of her lawfully-imposed sentences without any showing that this Court, or the Court of Criminal Appeals, failed to apply the relevant principles of law in affirming her convictions and in denying her discretionary review. Her motion to stay the mandates does not argue otherwise and does not show this Court any legal reason to believe that the result in these cases was reached incorrectly or in violation of any law or holding of the U.S. Supreme Court. Finally, Appellant has not shown that, if there is any merit to the claims she might some day raise in the U.S. Supreme Court, that the Supreme Court would be without any authority to issue a stay in these cases so that it may address the issues, if any, Appellant might present.

## PRAYER

**Wherefore,** for the reasons argued above, the State prays that the Court deny Appellant's motion to stay issuance of the mandates under these cause numbers, and to enter an order to the Clerk of this Court to issue the mandates finalizing the convictions in these cases.

Respectfully submitted

Michael J. West, SBN: 21203300
Assistant Criminal District Attorney
Smith County, Texas
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)
mwest@smith-county.com

### Certificate Of Service

On _February 18, 2015_, at true and complete copy of this instrument has been electronically served to:

Mr. Winston Cochran
Attorney at Law
P.O. Box 2945
League City, Texas 77574

Michael J. West,
Assistant Criminal District Attorney